UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

RICO BROWN,                    )
                               )        Civil Case No. 5:25-cv-360-KKC-CJS
         Plaintiff,            )
                               )
v.                             )
                               )
THE OKONITE COMPANY, INC.,     )        **REPORT AND RECOMMENDATION**
                               )
         Defendant.            )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This *pro se* civil action has been referred to the undersigned to conduct "further proceedings including, but not limited to, preparing proposed findings of fact and recommendations with respect to any dispositive motions; and overseeing the discovery process if the litigation proceeds to that stage." (R. 15 at Page ID 71). Presently before the Court is Plaintiff Rico Brown's Reply to and Motion to Strike Defendant's Affirmative Defenses.[1] (R. 13). The Okonite Company, Inc. ("Okonite'), Defendant in this action, filed a Response (R. 17) to Brown's Motion; Brown did not file a Reply. For the following reasons, it will be recommended that Brown's Motion to Strike Defendant's Affirmative Defenses **be denied**.

I.      **BACKGROUND**

Brown initiated this action in Fayette Circuit Court on August 29, 2025, with the filing of a civil complaint against Okonite. (*See* R. 1-1). Brown's Complaint includes claims of racial discrimination under federal and Kentucky law, retaliation, intentional infliction of emotional

---

[1] The Court will address the motion portion of this filing.

distress, and negligent supervision.  (*See id.* at Page ID 9-11).  On October 6, 2025, Okonite

removed the action to this Court (R. 1), where it then filed its Answer on October 13, 2025 (R. 5).

District Judge Karen K. Caldwell then entered an Order for Meeting and Report (R. 6) on

October 15, 2025, directing the parties to meet and confer and to file their proposed discovery

plan.[2] A few weeks later, Brown filed a Reply to and Motion to Strike Defendant's Affirmative

Defenses (R. 13).  Okonite responded (R. 17), but Brown did not reply, and the time to do so under

the Joint Local Rules has expired.  *See* LR 7.1(c).

In mid-November 2025, after the parties filed a Joint Report of their Rule 26(f) Planning

Meeting (R. 10), this matter was referred to the undersigned "for further proceedings including,

but not limited to, preparing proposed findings of fact and recommendations with respect to any

dispositive motions; and overseeing the discovery process if the litigation proceeds to that stage."

(R. 15 at Page ID 71).  In accordance with that referral, the undersigned now considers Brown's

Motion to Strike Affirmative Defenses.

## II.     ANALYSIS

In considering Brown's Motion to Strike Defendant's Affirmative Defenses,[3] the Court

looks first to the Federal Rules of Civil Procedure.  Relevant here, Rule 8 states in part that, "[i]n

responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."

---

[2] Judge Caldwell also denied Brown's Motion for Appointment of Counsel, explaining that Brown had not shown "the kind of exceptional circumstances which warrant the recruitment of counsel."  (R. 8 at Page ID 37 (denying R. 7)).

[3] To determine whether a motion to strike is considered dispositive, courts within the Sixth Circuit typically do so on a case-by-case basis. *See Berkemeier v. City of Jackson*, No. 19-12132, 2022 WL 4378687, at *5-6 (E.D. Mich. Sept. 22, 2022). "Where a motion to strike concerns a dispositive issue enumerated in [28 U.S.C.] § 636(b)(1)(A), such as striking a pleading, courts have determined the ruling on the motion to be a dispositive one." *Id.* at *5 (quoting *Berry v. Citi Credit Bureau*, No. 18-02654, 2020 WL 4596774, at *3 (W.D. Tenn. Aug. 11, 2020)).  Because Brown seeks to strike the affirmative defenses presented in Okonite's Answer, which is a pleading under Rule 7, the Court will address his Motion to Strike by recommendation.

Fed. R. Civ. P. 8(c)(1).  And under Rule 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). Rule 12 further provides that "[t]he court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  *Id.*

Importantly, the Sixth Circuit has held that "it is well established that the action of striking a pleading should be sparingly used by the courts" and that such a motion should only be granted "when the pleading to be stricken has no possible relation to the controversy."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).  Moreover, although there are two potential standards a court may apply to a review of affirmative defenses (the "fair notice" standard or the "plausibility" standard), "the courts in the Eastern and Western Districts of Kentucky so far have chosen to use the more lenient fair notice standard for pleading affirmative defenses."  *GS Holistic, LLC v. Diamond Smoke LLC*, No. 5:24-cv-344-DCR, 2025 WL 1603913, at *1 (E.D. Ky. May 12, 2025) (cleaned up).  Under this standard, "an affirmative defense may be pleaded in general terms and will be held to be sufficient as long as it gives plaintiff fair notice of the nature of the defense."  *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274) (cleaned up); *see also GS Holistic*, 2025 WL 1603913, at *1.

Through his Motion, Brown asks the Court to strike Okonite's "defenses that are conclusory, legally insufficient, or redundant," and in the alternative, he seeks a "more definite statement where the defenses fail to give fair notice of the factual basis."  (R. 13 at Page ID 50). In response, Okonite argues Brown's Motion to Strike should be denied as untimely and because its defenses provide fair notice under the law.  (*See* R. 17).  Although Okonite is correct that Brown's Motion to Strike was untimely filed, *see generally* Fed. R. Civ. P. 12(f)(2) (requiring

3

motion to be filed within 21 days of the pleading to which it is directed), the Court does not rely on timeliness alone in recommending denial of the motion.  Instead, the Court will discuss the defenses Brown seeks to strike and explain why such relief should not be granted.

In its Answer, Okonite raises seventeen defenses.[4]  (R. 5).  In his Motion to Strike, Brown lists the following as the defenses he seeks to strike:

First Defense – Failure to State a Claim

Second Defense – Bars by Statute/Doctrine

Third Defense – Failure to Comply with Policies

Fourth Defense – Legitimate Business Reasons/No Pretext

Fifth Defense – Failure to Exhaust/Primary Jurisdiction

Sixth Defense – After-Acquired Evidence/Unclean Hands

Seventh Defense – Failure to Mitigate

Eighth Defense – Workers' Compensation Exclusivity/Preemption

Ninth Defense – Good Faith/Reasonable Care (*Faragher/Ellerth*)

Tenth Defense – Offset/Setoff

Eleventh Defense – Accord/Satisfaction/Release

Twelfth Defense – No Damages/Intervening Causes

Thirteenth Defense – Emotional Distress Not Caused by Defendant

Fourteenth Defense – No Agency/Vicarious Liability

Fifteenth Defense – Constitutional/State Actor Arguments

Sixteenth Defense – Punitive Damages Unavailable

---

[4] Case law distinguishes between "affirmative" and "negative" defenses.  *See, e.g.*, *Kennedy v. Prime Hydration, LLC*, No. 3:23-cv-00476-GNS, 2025 WL 2432213, at *1 (W.D. Ky. Aug. 22, 2025).  However, the Court does not need to engage in a granular discussion of whether Okonite's defenses are affirmative or negative defenses in recommending Brown's Motion to Strike be denied.

Seventeenth Defense – Reservation of Additional Defenses

(*See* R. 13).

At first glance, it seems as if Brown challenges Okonite's defenses in sequential order. (*See* R. 17 at Page ID 77 n.2).  However, comparing Brown's Motion with Okonite's Answer reveals that he challenges several defenses that Okonite did not make, including defenses concerning workers' compensation exclusivity and constitutional/state actor.  (*Compare* R. 13, *with* R. 5).  Brown also re-numbers certain of Okonite's defenses.  (*Compare* R. 13, *with* R. 5).  Still, however numbered or considered, Okonite's defenses provide Brown with fair notice under the law, and Brown has not shown they should be stricken.

Brown variously challenges Okonite's defenses that he has failed to state a claim upon which relief can be granted and that his claims and/or recovery would be barred by the statute of limitations or other similar grounds.  (*See* R. 13 at Page ID 50-52 (Brown describing these defenses as appearing in Okonite's First, Second, Fifth, and Eleventh Defenses)).  Notably, other courts have found such defenses sufficient to give a plaintiff fair notice of the defense.  *See Beyer v. Faris Props., LLC*, No. 3:18-cv-139-JRG-DCP, 2018 WL 7824534, at *3 (E.D. Tenn. Oct. 22, 2018), *report and recommendation adopted*, 2019 WL 1331737 (E.D. Tenn. Mar. 25, 2019) (collecting cases); *see also McAfee v. Transunion, LLC*, No. 1:23-cv-393, 2024 WL 4135006, at *3 (S.D. Ohio Sept. 10, 2024).  Among these various defenses, Okonite characterizes its second defense as raising "Rule 8(c) Affirmative Defenses" and as "incorporat[ing] a failure to exhaust administrative remedies defense."  (R. 17 at Page ID 78-79).  Brown's own filings demonstrate that he has been provided with fair notice of a defense by Okonite based on the failure to exhaust administrative remedies given that he argues in his Motion to Strike that he "timely exhausted administrative remedies and filed within all applicable limitation periods."  (R. 13 at Page ID 50).

Brown also challenges Okonite's defenses that he failed to comply with company policies and that it had legitimate business reasons/no pretext in its employment actions. (*See id.* at Page ID 51). As Okonite argues (at least in relation to the first of these defenses), both of these defenses are "inherently related to the controversy at hand." (*See generally* R. 17 at Page ID 79). Similarly, Okonite's Answer did not use the terms *Faragher/Ellerth*, but Brown understood Okonite to be asserting a defense based that Supreme Court case law. (*Compare* R. 5, *with* R. 13; *see also* R. 17 at Page ID 81 (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)). He also understood the broad contours of Okonite having raised an "after-acquired evidence" defense (*see* R. 13 at Page ID 51), *cf. Equal Emp. Opportunity Comm'n v. Proctor Fin., Inc.*, 644 F. Supp. 3d 400, 408 (E.D. Mich. 2022) ("The after-acquired evidence defense limits an employee's remedies where an employer can show it would have been entitled to terminate the employee for severe wrongdoing if it had known of the employee's wrongdoing at the time."), and any preemption defense (*see* R. 13 at Page ID 51). On this record, the Court fails to see how these defenses did not put Brown on "fair notice" of their nature.

Brown's challenges to Okonite's defenses regarding damages are also not well taken, as it is plain that Okonite disputes any fault or liability on *its* behalf. Okonite's defense that Brown failed to mitigate damages is in the same vein. *See McAfee*, 2024 WL 4135006, at *4 (declining to strike defenses that plaintiff failed to mitigate damages and that plaintiff or non-parties were responsible for plaintiff's damages). Likewise, Brown has fair notice that Okonite disputes his entitlement to punitive damages. (*See* R. 17 at Page ID 83).

This leaves Brown's request that the Court strike Okonite reserving the right to seek to amend and supplement its Answer. Because such action could be pursued under Federal Rule of Civil Procedure 15 in the appropriate circumstance, the Court does not discern what could be gained by striking that "defense" from Okonite's pleading.

One final point bears mentioning.  Through his Motion to Strike, Brown repeatedly asserts that Okonite's defenses present factual disputes between the parties, and he seeks (in the alternative to his Motion to Strike being granted) that the defense provide "a more definite statement where the defenses fail to give fair notice of the factual basis."  (*See, e.g.*, R. 13 at Page ID 50).  Of course, the parties have factual disputes in this action, but such are matters the parties may explore during the discovery phase of the case as this litigation continues.  Accordingly, Okonite should not be ordered to provide a more definite statement of the facts supporting its defenses.  *Cf. Lawrence*, 182 F. App'x at 457 ("Lawrence simply argues that the affirmative defense pleadings were defective simply because they were 'bare one-liners.'  Because the applicable test does not require the district court to count the lines of text that an invoked defense uses and because the defendant's pleading gave Lawrence notice of the defense, the district court did not err in permitting the defendants to assert their affirmative defenses in their answer.").

The "drastic" remedy of striking Okonite's pleading (or portions of it) is not appropriate here.  *See Brown*, 201 F.2d at 822 ("Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice." (internal citation omitted)); *see also Robinson v. Palisades Acquisition XVI LLC*, No. 5:25-cv-1518, 2026 WL 21292, at *2 (N.D. Ohio Jan. 5, 2026) (observing that motions to strike under Rule 12(f) are committed to the sound discretion of the trial court)).  The Court also perceives no prejudice to Brown if his Motion to Strike is denied.  *See Brewer v. Holland*, No. 3:16-cv-14-BJB, 2022 WL 608178, at *2 (W.D. Ky. Mar. 1, 2022) ("[I]n evaluating motions to strike, courts consider whether the moving party has identified any prejudice.").  Therefore, it will be recommended that Brown's Motion to Strike Defendant's Affirmative Defenses be denied.

### III.     CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Brown's Motion to Strike Defendant's Affirmative Defenses (R. 13) **be denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn,* 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right to appeal.  *Howard,* 932 F.2d at 509.  A party may respond to another's objections within fourteen (14) days of being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).

Signed this 19th day of February, 2026.



Signed By:

Candace J. Smith

United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\civil lexington\2025\25-360-KKC R&R on MTStrike.docx

8